UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JUSTIN KING,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES
LUKESON SHIELD NO. 9696, POLICE OFFICER
FABIAN MODESTO, SHIELD NO. 8846,

                                        Defendants.

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

DOCKET #20CV6077(DG)(SJB)

ECF CASE

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth Amendment to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a May 25, 2019 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, excessive force and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth Amendment to the United States Constitution. Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events

giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Justin King is an African-American man and United States citizen who resides in Kings County, City and State of New York.

7. Police Officers James Lukeson and Fabian Modesto were at all times here relevant employees of the NYPD and are sued in their individual and official capacities.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. At approximately 8:45 p.m. on May 25, 2019, Plaintiff was driving an electric scooter on E. 26th Street in the vicinity of Newkirk Avenue in Brooklyn, when a black Impala vehicle suddenly drove up alongside him and dangerously cut him off for no apparent purpose.

12. Plaintiff evaded the vehicle and drove off. A person jumped out of the vehicle threatening to shoot him.

13. Though the vehicle was unmarked and the person who threatened to shoot him was in civilian clothes and no one identified themselves as police, Plaintiff came to realize that they were likely police. He then stopped his scooter and lied down on the pavement in front of a busy restaurant and put his body in a "star" position to show he was not a threat.

2

14. The plain clothes police officers, including the individual Defendants, ran up to him and one purposefully and with great force came down onto the side of Plaintiff's face with his knee, fracturing his nose. The same officer then pointed his gun right in front of and directly at Plaintiff's face even though Plaintiff remained in the star position showing he was not a threat.

15. A Defendant officer also pointed a gun at Plaintiff's back while he was face down on the ground and pushed the point of the gun against Plaintiff's back.

16. Plaintiff was taken to Kingsbrook Hospital in the custody of the police. An officer attempted to get the medical discharge records from the nurse in an attempt to cover up the misconduct causing Plaintiff's injury. The nurse refused but the papers were later taken from him by officers.

17. While in a cell at the 67th Precinct, the desk sergeant attempted to intimidate Plaintiff by coming to his cell and telling him to stop making false accusations against his officers. Plaintiff made no false accusation against any officer.

18. Plaintiff was arrested and falsely charged with a felony and misdemeanor. Plaintiff denies committing any crime or violation. He spent 31 hours in custody before being released.

19. Plaintiff made several appearances in criminal court in Brooklyn. All charges were dismissed against him.

20. Plaintiff made a complaint to the Civilian Complaint Review Board ("CCRB"). Upon information and belief, the CCRB did not rule on the complaint.

21. At all times during the events described above, the Defendant police officers were acting in concert to violate Plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the

obviously illegal actions of their fellow officers against Plaintiff.

22. During all of the events above described, Defendants acted maliciously and with intent to injure plaintiff.

23. As a direct and proximate result of the acts of Defendants, Plaintiff Justin King suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b. Pain and suffering;

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety; and

    d. Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983 -- FALSE ARREST AND FALSE IMPRISONMENT)

23. The above paragraphs are here incorporated by reference.

24. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause, or failed to intervene in their fellow officers' conduct despite having opportunity to do so.

25. There was no reasonable expectation of successfully prosecuting plaintiff.

26. Plaintiff was aware of his confinement and did not consent.

27. Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution when they illegally and falsely arrested and imprisoned the Plaintiff. Defendants are liable to plaintiff under 42 U.S.C. §1983.

28. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (42 USC § 1983 – MALICIOUS PROSECUTION)

29. The above paragraphs are here incorporated by reference.

30. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted, or failed to intervene in their fellow officers' conduct despite having opportunity to do so.

31. The criminal proceedings were terminated favorably to Plaintiff.

32. Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution when they maliciously prosecuted Plaintiff. Defendants are liable to plaintiff under 42 U.S.C. §1983.

33. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## THIRD CAUSE OF ACTION
### (42 USC § 1983 – EXCESSIVE FORCE)

34. The above paragraphs are here incorporated by reference.

35. Defendants, without justification, assaulted and battered Plaintiff even though Plaintiff posed no physical or any other kind of threat to the officers or anyone else.

36. The criminal proceedings were terminated favorably to defendant.

37. Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth

5

Amendment to the United States Constitution when they subjected Plaintiff to excessive force. Defendants are liable to plaintiff under 42 U.S.C. §1983.

    38.    Plaintiff has been damaged as a result of defendants' wrongful acts.

### FOURTH CAUSE OF ACTION
### (FEDERAL CLAIM FOR DEPRIVATION OF THE RIGHT TO A FAIR TRIAL AGAINST ALL DEFENDANTS)

    39.    The above paragraphs are here incorporated by reference.

    40.    Defendants knowingly forwarded false information to prosecutors (verbally and in written reports), that Plaintiff had driven the scooter in a reckless manner causing the endangerment of others, and that he obstructed governmental administration, among the other false allegations written in the Criminal Complaint against him.

    42.    The forwarding of the false information to the Kings County District Attorney's Office violated Plaintiff's right to a fair prosecution and his right to a fair trial.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   New York, New York
         February 3, 2022

TO:   City of New York                    Yours, etc.,
      Police Officer James Lukeson
      Police Officer Fabian Modesto           /s/
                                          Leo Glickman, Esq.
                                          Bar #LG3644
                                          Attorney for Plaintiff
                                          5030 Broadway, Ste. 652
                                          New York, NY 10034
                                          (718) 852-3710
                                          lglickman@stollglickman.com